No. 348     May 30, 2024     759

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

JAY I JULIEN 2012 IRREVOCABLE TRUST,
The Sherry Kalish Irrevocable Trust, and
Seabreeze Associates Limited Partnership,
*Petitioners-Appellants,*

*v.*

TILLAMOOK COUNTY BOARD OF COMMISSIONERS,
*Respondent-Respondent.*

Tillamook County Circuit Court
20CV34945; A179047

Mari Garric Trevino, Judge.

Submitted on April 30, 2024.

Thomas Cutler filed the briefs for appellants.

Kenneth S. Montoya filed the brief for respondent.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Petitioners own 3.23 acres of undeveloped ocean front property in the Tillamook County unincorporated community of Neskowin. The subject property is zoned for residential development, but approximately half of the property is within the Neskowin Coastal Hazards Overlay Zone (Nesk-CH zone), under which development is prohibited. In this writ of review proceeding, *see* ORS 34.010 to 34.100, petitioners appeal from a judgment upholding the county's rejection of petitioners' claim under ORS 195.305 seeking a waiver of the Nesk-CH zone development restrictions, so that petitioners can develop the subject property with nine homesites, rather than the five that are currently authorized. *See* ORS 195.318 (providing for judicial review of county decisions under ORS 195.310 to 195.314 by writ of review). We affirm.

It is undisputed that between 1997 and 2008, the Neskowin area experienced extensive beachfront erosion caused by winter storms. In 2009, the county began the process of developing a plan to address future risks to the beaches and community as a result of erosion. Among other recommendations, that project ultimately resulted in a recommendation to create the Nesk-CH zone. Effective July 2015, and after a review of studies and several public hearings, the county adopted Tillamook County Land Use Ordinance (TCLUO) 3.570 (the ordinance), which implements the Nesk-CH overlay zone. Under the ordinance, land within the overlay zone cannot be developed. The ordinance states:

> "The purpose of the Neskowin Coastal Hazards Overlay Zone is to manage development in areas subject to chronic coastal hazards in a manner that reduces long term risks to life, property, and the community[.]"

TCLUO 3.570.

A portion of the subject property is within the overlay zone and, under the ordinance, cannot be developed. The effect of the ordinance is to limit development of the subject property to five homesites instead of the nine that would have been possible before the ordinance was adopted.

In 2020, petitioners sought relief from that restriction under the procedure contained in ORS 195.305(1). That statute authorizes people negatively impacted by land use regulations to seek compensation:

> "If a public entity enacts one or more land use regulations that restrict the residential use of private real property or a farming or forest practice and that reduce the fair market value of the property, then the owner of the property shall be entitled to just compensation from the public entity that enacted the land use regulation or regulations as provided in ORS 195.310 to 195.314."

Petitioners filed a claim under ORS 195.305(1), not seeking "just compensation" for the asserted reduction in value of their property, but instead seeking to have the county waive application of the ordinance, as permitted by ORS 197.310 (5)(b) (allowing a county to "[a]uthoriz[] the claimant to use the property without application of the land use regulation to the extent necessary to offset the reduction in the fair market value of the property"), and authorize nine homesites on the subject property. The county denied petitioners' application, concluding that the claim was barred by ORS 195.305(3)(b), which provides an exception to the availability of relief:

> "(3)  Subsection (1) of this section shall not apply to land use regulations:
>
> "* * * * *
>
> "(b)  That restrict or prohibit activities for the protection of public health and safety[.]"

Petitioners filed a petition for a writ of review in the circuit court, which upheld the county's denial of the claim on the same ground as the county, and petitioners appeal that decision.

In their first assignment of error, petitioners argue that the trial court erred in upholding the county's denial, because the county's decision is not supported by substantial evidence. *See* ORS 34.040(1)(c) (setting forth court's review for substantial evidence). Petitioners contend that, to comply with ORS 195.305(3)(b), the county was required to find, based on substantial evidence, that application of the

ordinance to *the subject property itself* is necessary for reasons of public health and safety. On the contrary, petitioners contend, the evidence demonstrates that the four lots that cannot be developed under the ordinance are safe.

Petitioners' contention is based on an incorrect and implausible construction of ORS 195.305(3)(b). The plain meaning of the exception is that it applies if the *land use regulation* was enacted for the protection of public health and safety, not if the development of a particular *property* within the overlay zone must be restricted for reasons of public health and safety. It is undisputed that the ordinance, which was duly adopted by the county, provides that it was adopted for the purpose of reducing "long term risks to life, property, and the community[.]" Beyond its stated purpose, the record supports a finding that the ordinance was adopted for reasons of "public health or safety"— specifically, reducing long term risks to life, property, and the community. Thus, we conclude that there is substantial evidence in support of the county's decision.

In their second assignment, petitioners contend that the county's decision constituted an improper construction of law. *See* ORS 34.040(1)(d) (describing court's review for improper construction of law). As close as we can understand it, petitioners contend that the ordinance is not consistent with ORS 195.305(3)(b), because it is arbitrary, not based on public safety, and is only intended to limit development density, specifically with respect to the development of petitioners' property. Petitioners' assignment amounts to a collateral attack on the ordinance which we reject.

Affirmed.